**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LUCY DUFALA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **2:15-cv-647** |
| **v.** | ) |
| | ) |
| **PRIMANTI BROTHERS and PRIMANTI** | ) |
| **BROS. RESTAURANT CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO COMPEL DISCOVERY (ECF No. 18) filed by Plaintiff Lucy Dufala with a brief in support (ECF No. 19).[1] Defendants Primanti Brothers and Primanti Bros. Restaurant Corporation filed a brief in opposition (ECF No. 21). The motion is ripe for disposition.

On July 31, 2015, Plaintiff served Defendants with Interrogatories and Requests for Production of Documents. Defendants did not serve its responses within thirty days – *i.e.*, on or before August 31, 2015 – in accordance with the Federal Rules of Civil Procedure.

On September 22, 2015, Plaintiff filed a motion to compel in which she seeks those discovery responses and requests that the Court order, as a sanction, that any objection(s) by Defendants to said discovery requests are waived. For the reasons that follow, the motion will be denied in its entirety.

As an initial matter, the motion to compel is moot insofar as Defendants served Plaintiff with their responses to her discovery requests on September 25, 2015 and September 28, 2015.

---

1. Plaintiff did not "include a certification that [she] had in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as required by Federal Rule of Civil Procedure 37.

Accordingly, the Court will not "enter an Order directing Defendants to make prompt and full disclosure."

Nor will the Court impose sanctions in this case. The ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citation omitted). Certain basic principles, however, guide the exercise of this discretion. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The Court must consider and balance:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., The Firm*, 405 F. App'x 592, 595 (3d Cir. 2010) (quoting *Poulis*, 747 F.2d at 868) (emphasis omitted).

In this instance, these factors do not weigh in favor of sanctions. Counsel for Defendants contacted opposing counsel when he threatened to file a motion to compel and explained that the reason for the delay was due to the vacation schedule of Defendants' representative tasked with facilitating the search for documents, the need to engage in electronic discovery, and a personal emergency involving the hospitalization of a family member. Those representations alone should have obviated the need for a motion to compel. Be that as it may, Plaintiff has shown no prejudice in not having received the documents for weeks past the formal deadline – she has (and will) have ample time to review the discovery responses before the deadline for filing an Amended Complaint and prior to the upcoming mediation scheduled on October 16, 20125.

Defendants (and their counsel) also have no history of dilatoriness, and their conduct was neither willful or in bad faith. Accordingly, the motion to compel and for sanctions is **DENIED**.

**SO ORDERED**, this 30th day of September, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:     **Gregory G. Paul, Esquire**
        Email: gregpaul@morgan-paul.com

        **Albert S. Lee, Esquire**
        Email: alee@tuckerlaw.com
        **Katherine E. Koop, Esquire**
        Email: KKoop@tuckerlaw.com
        **Lauren N. Woleslagle, Esquire**
        Email: lwoleslagle@tuckerlaw.com